UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL HAGY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:25-CV-00034-DCLC-CRW |
| v. | ) |
| | ) |
| SULLIVAN COUNTY TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment [Doc. 10]. Plaintiff failed to respond to the motion by the July 11, 2025 deadline set by the Court, and this matter is now ripe for resolution. For the reasons stated below, Defendants' motion is **GRANTED**.

**I.  BACKGROUND**

On February 14, 2024, while incarcerated at the Sullivan County Jail, Plaintiff was involved in a violent altercation with another inmate [Doc. 1 at ¶¶ 9, 11]. He was struck in the chin and lost consciousness [Id. at ¶11]. Plaintiff alleges that he was then moved to another area of the jail and violently beaten by two officers before being placed in a solitary holding cell [Id. at ¶¶ 12, 21-24]. In the cell, Plaintiff further alleges that an unidentified high-ranking officer heard Plaintiff's complaint about the officers' beating, laughed, and told Plaintiff to "do what he felt that he needed to do" [Id. at ¶¶ 26-27]. A nurse visited Plaintiff shortly thereafter but did not perform a medical evaluation [Id. at ¶¶ 29-31]. Plaintiff's Complaint states that "around a week later," the two most senior-level medical professionals at the jail visited him, physically examined his face and told him that "there was nothing broken in his face." [Id. at ¶¶ 33-34].

Defendants offer a different version of events following the attack on Plaintiff by his fellow

1

inmate. Defendants state that he was placed under medical observation for 24 hours and was evaluated by medical professionals during that period [Doc. 11 at ¶ 6]. On February 16, 2024, an x-ray was performed on Plaintiff which returned negative results for acute fractures in the mandible and facial bones [Id. at ¶¶ 7-8].

Plaintiff was released from the Sullivan County Jail on March 20, 2024 [Doc. 1 at ¶ 41]. On March 22, 2024, he was diagnosed with multiple acute fractures to the left side of his face at Indian Path Community Hospital [Id. at ¶¶ 42-43]. Plaintiff now files this lawsuit asserting claims under 42 U.S.C § 1983, the Tennessee Governmental Tort Liability Act, and the state tort law claim of Negligent Infliction of Emotional Distress.

## II. LEGAL STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court must generally view the facts contained in the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "come forward with significant probative evidence showing that a genuine issue exists for trial." *McKinley v. Bowlen*, 8 F. App'x 488, 491 (6th Cir. 2001). When the nonmoving party fails to respond, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged his initial burden." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when a defendant in a prisoner civil rights action moves for summary judgment on exhaustion grounds, he "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citations and internal quotation marks omitted). Once a defendant has demonstrated that the plaintiff did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225–26 (6th Cir. 2011) (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment).

## III. ANALYSIS

### A. The PLRA exhaustion requirement bars Plaintiff's section 1983 claim.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Thus, to properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to

review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95).

The Sullivan County Jail where Plaintiff was incarcerated has an Inmate Grievance Procedure [Doc. 12-2]. Part III of the Procedure states that an inmate can make a verbal complaint to an officer, after which the officer shall attempt to remedy the problem. If the officer is unable to provide a satisfactory remedy, they are to instruct the inmate to submit a grievance through the kiosk in their cell. "The inmate must file the grievance within 10 days from the date that the incident of complaint occurred, unless it was not possible to file within that time period." [*Id.*] The Inmate Grievance Procedure specifically allows inmates to file grievances related to "something personally affecting the inmate concerning conditions of confinement," and "prohibited act[s] conducted by an officer." [*Id.*]

Plaintiff did not follow the Inmate Grievance Procedure regarding his allegations here. While he states that he made a verbal complaint to an officer, because he believed that he did not receive a satisfactory response, he was required to submit a grievance via the kiosk in his cell. Defendants provide that Plaintiff knew how to comply with the Inmate Grievance Procedure, as he properly filed a grievance during his incarceration—a request related to his family visitation rights on March 17, 2024 [Doc. 12-3]. Plaintiff only made the one grievance, and he did not submit any grievances related to his medical care and condition or the officers' assault. Accordingly, no reasonable jury could find Plaintiff exhausted his available administrative remedies regarding the alleged beating by correctional officers or his medical treatment prior to filing this action, and Defendant is entitled to summary judgment on the section 1983 claim.

4

Case 2:25-cv-00034-DCLC-CRW Document 22 Filed 09/29/25 Page 4 of 6 PageID #: 87

**B. The Court will not exercise supplemental jurisdiction over Plaintiff's state law claims.**

28 U.S.C. § 1367 grants district courts the discretion to decline to exercise supplemental jurisdiction over any remaining state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, courts consider "judicial economy, convenience, fairness, and comity." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). When, as is the case here, all federal law claims have been dismissed, "the balance of considerations usually will point to dismissing the state law claims." *Musson*, 89 F.3d at 1254–55. States have an interest in determining whether their citizens have access to state law tort claims against state and local correctional officials, and in determining whether exhaustion applies to state law causes of action. *See Woodford*, 548 U.S. at 94 (noting that "it is 'difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973))). Upon considerations of comity, Tennessee state court would be a more appropriate forum for the state law claims here.

Even if the Court were to exercise supplemental jurisdiction here, the Sixth Circuit has held that failure to comply with the PLRA exhaustion requirement also bars state law claims brought in federal court under federal jurisdiction statutes. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (holding that the PLRA exhaustion requirement bars state law claims brought in federal court under the federal diversity statute); *Napier v. Laurel County, Ky.*, No. CIV A 06-368-ART, 2009 WL 2255767 (E.D. Ky. July 29, 2009), aff'd, 636 F.3d 218 (6th Cir. 2011) (holding state law claims brought under the federal supplemental jurisdiction statute are barred by the PLRA exhaustion requirement). As the state law claims here are brought under 28 U.S.C. § 1367, if the

Court chose to exercise supplemental jurisdiction over the claims, they would be dismissed alongside the section 1983 claim.

Therefore, the remaining state law claims are denied without prejudice so that they can be pursued in Tennessee state court.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment [Doc. 10] is **GRANTED**. Defendant's Request for Ruling on Summary Judgment [Doc. 21] is **DENIED AS MOOT**.

A separate judgment shall enter.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge